CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
IN HARRISONBURG
SEP 2 3 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Case No. 5:05CR00025 |
| v. | ) | **MEMORANDUM OPINION** |
| CHARLES LUTHER VARNER, JR. | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

This case is before the court on the defendant's request for an extension of time in which to file a notice of appeal or request a rehearing.[1] For the reasons stated below, the court will deny the request.

On September 12, 2005, Judge Wilson amended the preexisting protective order in this case to restrain only those assets specifically listed in the indictment. Defendant Varner now argues that he has been unable to determine whether his unrestrained assets, apparently consisting of a pension fund, can be used to pay his attorney's fees. Pending such a determination, defendant seeks additional time in which to seek a rehearing or to note an appeal from Judge Wilson's decision.

In his September 12th ruling, Judge Wilson determined that Varner had failed to prove that he was unable to retain counsel without access to the assets frozen by the amended protective order. Thus, Judge Wilson denied Varner's request for a pretrial hearing on the grounds that he had not made a threshold showing as required by United States v. Farmer, 274 F.3d 800, 804 (4th Cir. 2001). In Farmer, the Fourth Circuit made clear that a defendant only has a "private interest that will be affected by the official action," if he can show that he has no funds

---

[1] The undersigned United States District Judge has heard and considered defendant's motion due to the unavailability of U.S. District Judge Samuel G. Wilson.

1

with which to retain counsel without access to the seized property. Id. See also Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976). Consequently, Judge Wilson ruled that Varner's failure to make a threshold showing of indigence foreclosed any right to a Due Process hearing under Farmer.

Given this background, the court finds it unnecessary to grant defendant an extension of time in which to seek a rehearing of Judge Wilson's ruling or in which to file an interlocutory appeal. Defendant admits that he is still unable to make the threshold showing required under Farmer. Thus, any request for a rehearing or for leave to file a delayed interlocutory appeal would be futile. Furthermore, there are no temporal limitations in making an application for a Farmer hearing. If, at some later time, Varner can demonstrate that his unrestrained funds are insufficient to permit him to hire an attorney, and that there is cause to believe that the frozen assets may not be subject to forfeiture, he may make a new request for a Due Process hearing as contemplated under Farmer.[2]

Given the fact that the defendant may again move for a Farmer hearing if he is able to demonstrate that his circumstances are different than those found by Judge Wilson, the court finds it unnecessary to consider defendant's motion for an extension of time in which to seek rehearing or note an appeal. Accordingly, defendant's motion shall be denied.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 22nd day of September, 2005.

_____
United States District Judge

---

[2] At the time of oral argument on defendant's motion, counsel for the United States conceded that it would be within the court's discretion to grant such a request.

Case 5:05-cr-00025-SGW-mfu   Document 70   Filed 09/23/05   Page 2 of 2   Pageid#: 187