CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 0 1 2006

JOHN F COHCORAN, CLERK
BY: _K Dotson_
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

UNITED STATES OF AMERICA    )
    )    CASE No. 5:05cr00025-01
    )
v.    )    **MEMORANDUM**
    )    **OPINION**
CHARLES LUTHER VARNER, JR.    )
    )    By:  Hon. James G. Welsh
    Defendant    )    U.S. Magistrate Judge
    )

On February 21, 2006, this case came before the court for hearing on the Petition of Betty Allman seeking to set aside or remit the forfeiture of an Appearance Bond previously executed in this case on August 17, 2005 by Charles Luther Varner ("Varner" or "defendant"), as principal, and Betty Allman ("Allman" or "surety"), as his surety.

From a review of the pleadings and papers filed, including transcripts of two bail-related hearings held on August 2 and August 17, 2005 and the transcript of the bond violation hearing held on January 26, 2006, the essential facts relevant to the pending motion are not in dispute. Varner was charged in a multi-count Indictment with participation in a drug trafficking conspiracy in violation of 21 U.S.C. § 846, with participation in a money laundering conspiracy in violation of 18 U.S.C. § 1956(a)(1), with possession of an unregistered still in violation of 26 U.S.C. § 5601(a)(1), with illegal dealing in untaxed spirits in violation of 26 U.S.C. § 5601(a)(4), and with multiple firearms offenses in violation of 18 U.S.C. §§ 924 and 922(g). On August 17, 2005, subsequent to his arrest, Varner, as principal, and Allman, as surety, executed an appearance bond before a United States Magistrate Judge in the amount of $50,000. Allman is the defendant's sister. On his behalf she submitted a title report to the court, and under oath she certified that she was the sole owner of

a certain improved real estate located in Staunton, Virginia, that the property had an assessed value in excess of $100,000, and that it was subject to no liens or encumbrances.

*Inter alia*, the conditions of Varner's pretrial release on supervision obligated him to participate in a drug treatment program, to refrain from the use of any controlled substance without a physician's prescription, and to participate in a program of supervised home detention. On October 31, 2005 a written report was submitted to the court by Ms. Tammy L. Wellborn, U. S. Probation Officer, in which a number of bond violations were detailed. After due notice to the defendant and to his surety, a hearing on the Government's bond revocation and bond forfeiture motions was subsequently held on January 26, 2006. The defendant was present in person and by counsel. Defendant's surety was also present in person and participated in the hearing *pro se*. At the conclusion of the hearing, Varner was found to have violated the terms and conditions of his home detention, to have illegally used one or more controlled substances while on bond, and to have failed to meet his drug treatment obligations. Varner's bond was, therefore, revoked; he was ordered held in detention pending trail, and his bail in this case was ordered forfeited. The defendant currently remains in custody.

By counsel, defendant's surety, subsequently submitted her written petition asking the court to reconsider the bail forfeiture order to the extent that it applied to her. Therein, she raised several issues, including the adequacy of notice provided by the Government, the limit of her obligation to an assurance that the defendant would appear in court as required, and whether justice required enforcement of the forfeiture as to her. The Government, thereafter, submitted its written memorandum in response; the surety submitted her reply, and the motion came before the undersigned for consideration on February 21, 2006.

2

After hearing the views of counsel for the surety and for the Government and after reviewing the pleadings and papers filed herein, the matter was taken under advisement.

Given the court's earlier findings that Varner had violated multiple conditions of his release and absent any reconsideration request by him, the undersigned remains of the opinion that his bail bond was properly forfeited as required by Rule 46(f)(1). *See United States v. Kirkman*, 426 F.2d 747 749 (4th Cir. 1970). Remission of the forfeiture as to the surety in this case presents an entirely different issue.

As previously noted, defendant's surety argues that her bond forfeiture obligation in this case was limited to an assurance of Varner's required court appearances. In essence, it is her position that the sole purpose of the appearance bond she signed was to secure the defendant's presence in court and that the limits of her contractual obligation is plainly set forth within the four corners of the documents she sighed. As support for her position, she references the court to the two documents she signed, the Appearance Bond [1] and the Agreement to Forfeit Property.[2] In pertinent part, both the Appearance Bond and the Agreement to Forfeit Property sets for the following conditions:

> that the defendant Charles Luthur Varner, Jr., is to appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

This language, she contends, sets forth the limits of her contractual duty as surety. Since the

---

[1] In this instance, an out-of-date August 1998 version of form AO 98 was used. It conditioned the defendant's bond on his obligation to appear as required and to surrender to serve any sentence imposed. Consequently, it is unlike form AO 98A (12/03) which includes both violations of conditions of release and non-appearance as grounds for forfeiture.

[2] Form AO 100 (7/93)

3

defendant appeared as required and is now in jail, she argues that she has met her obligations and that any forfeiture by her necessarily requires the imposition of obligations on her that are beyond the four corners of the contract she made with the Government. *See United States v. Summit Fidelity & Surety Co.*, 408 F.2d 46, 47 (6th Cir. 1969) (bail bonds "are a contract between the surety and the Government"); *Williams v. United States*, 444 F.2d 742, 744 (10th Cir. 1971), *cert. den.* 404 U.S. 938 (an appearance bond "is a contract between the surety and the government").

In contrast, the Government argues that Ms. Allman in fact knew that her bond obligations were much broader that merely assuring her brother's required court appearances. As evidence of this knowledge, the Government references the court to two separate colloquies that the surety had with the court prior to her entry into the bond obligations. On August 2 and again on August 17, 2005, she directly acknowledged that any violation by Varner of any condition of his release would result in an automatic forfeiture of her property to the amount of the bond. In addition, the Government notes that Ms. Allman was also made aware on August 17 of the procedure for surrendering the defendant and terminating her bond obligations before any violation. These fact, the Government contends, demonstrate a disingenuous attempt by the surety to circumvent her duties and responsibilities.

In reply, the surety concedes that she was so informed, but argues that the final document she signed, and which was signed by the then presiding magistrate judge, created no such duty; its terms must be strictly construed, and its terms may not be contradicted by parole or extrinsic evidence. See *United States v Lujan*, 589 F2d 436, 438 (9th Cir. 1978), *cert. den.* 442 US 919 (the language in a "bail bond contract is strictly construed in accordance with the terms and contained therein"); *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1009 (3d Cir. 1980) (in

4

construing a contract, the paramount consideration is the intent of the parties, which, in a written contract, is contained in the writing itself); *Murdaugh Volkswagen, Inc. v. Murdaugh*, 741 F.2d 41, 44 (4th Cir. 1984) (The formal order determines the action of the court, not some statement or observation of the judge during the course of argument).

In this instance, an appearance bond form was used which imposed a duty on the surety only to assure the defendant's presence as required. The language is clear and unambiguous; the obligation is express (and therefore literal), and the terms of the writing must control. *See National Elec. Mfrs. Ass'n. v. Gulf Underwriters Ins. Co.*, 162 F.3d 821, 825-26 (4th Cir. 1998). Since the terms of the surety's obligation is clear and unambiguous, the court must apply the plain meaning of the language and may not consider extrinsic evidence as to how it might, or even should, be otherwise interpreted.

Accordingly, an appropriate order will be entered this date granting Betty Allman full remission and her obligation cancelled.

DATED: ths 1st day of March 2006.

United States Magistrate Judge

5