CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 30 2009

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| CHARLES LUTHER VARNER, JR., | |
| Petitioner, | Criminal Action No. 5:05cr00025 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | By: Samuel G. Wilson |
| Respondent. | United States District Judge |

Charles Luther Varner, Jr. brings this 28 U.S.C. § 2255 motion, claiming that he received ineffective assistance of counsel in connection with his sentencing for conspiracy to distribute methamphetamine. The court *sua sponte* dismisses his motion.

Pursuant to a written plea agreement that expressly waived his right to appeal and collaterally attack his sentence, Varner pled guilty to three counts of an Indictment, one of which was conspiracy to distribute methamphetamine (a Schedule II controlled substance) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846, which carried a mandatory minimum sentence of ten years. The court sentenced Varner to 120 months on that count, and together with the other counts imposed a total term of 180 months. Varner now claims that his sentence on the conspiracy count should be vacated because methamphetamine in powder form is a Schedule III substance, and not a Schedule II substance.[1] He claims that he received ineffective assistance of counsel because his attorney failed to advance this argument, and he now asks to be

---

[1]The initial schedules of controlled substances contained in 21 U.S.C. § 812(c) classified "any injectable liquid which contains any quantity of methamphetamine" as a Schedule II controlled substance, but classified "[a]ny substance (except an injectable liquid) which contains any quantity of methamphetamine" as a Schedule III controlled substance. However, 21 U.S.C. § 811 delegated authority to the Attorney General to reclassify controlled substances into different schedules, and under the currently revised schedules, "[m]ethamphetamine, its salts, isomers, and salts of its isomers" are Schedule II controlled substances. 21 C.F.R. § 1308.12(d)(2).

resentenced pursuant to 21 U.S.C. § 841(b)(1)(D), which provides a maximum term of five years for possession of any Schedule III controlled substance.

Initially, the court notes that it need not reach the merits of Varner's argument because Varner has expressly waived his right to collaterally attack his sentence. The court conducted a thorough plea colloquy, and Varner has offered nothing to show his waiver was unknowing or involuntary. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Nonetheless, Varner's argument lacks merit because the Fourth Circuit along with other circuits have held that under the existing regulations methamphetamine is a Schedule II substance, no matter what its form. United States v. Benehaley, 95 Fed. Appx. 501, 502 (4th Cir. 2004); see also United States v. Kendall, 887 F.2d 240, 241 (9th Cir. 1991); United States v. Roark, 924 F.2d 1426, 1428-29 (8th Cir. 1991); United States v. Young, 862 F.2d 815, 818 (10th Cir. 1988).[2] Counsel's failure to advance a meritless argument demonstrates neither deficient performance nor prejudice under Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, the court **DISMISSES** Varner's motion.

**Enter**: This March 30, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Varner's argument that Congress unconstitutionally delegated its lawmaking authority by allowing the Attorney General to reclassify controlled substances is also without merit. See, e.g., United States v. Daniel, 813 F.2d 661, 662-63 (5th Cir. 1987) (collecting cases).